### NELSON D. WHITE *vs.* LEONARD FOSTER & another.

A deed by which the grantor grants, bargains and sells "a certain lot of timber on a certain lot of land," described by metes and bounds, "also all the wood and logs on said above described land, which timber, wood and logs, with the land on which they stand, was conveyed to me by B.; provided however, that said wood, timber and logs is to be removed from said land within three years; to have and to hold to" the grantees, "their heirs, executors, administrators and assigns;" with covenants of warranty "of said property," conveys an interest in the land.

The grantee of land had actual notice that the trees growing thereon had been sold by his grantor to A., and his deed contained a reference to a mortgage of the land by his grantor, which was on record and which reserved "all the trees growing on the land, the same having been sold to A." *Held*, that he had notice that A. held the trees by a conveyance passing a valid title, though the deed by which A. in fact held such title was not duly recorded.

WRIT OF ENTRY against Foster and Sidney W. Benjamin, to recover land in Winchendon. Writ dated December 4, 1867. Plea, *nul disseisin*, with a specification disclaiming any title in the premises other than the right to enter and to cut down and remove the trees growing thereon.

At the trial in this court, before *Ames*, J., it appeared that, by a deed dated May 17, 1865, Reuben Harris, who was then the owner of the land, granted, bargained and sold to the tenants, in consideration of $2050 to him paid, "a certain lot of timber on a certain lot of land" described by metes and bounds, and being the land demanded, "also, all the wood and logs on said

above described land, which timber, wood and logs, together with the land on which they stand, was this day conveyed to me by deed by William Baldwin, provided, however, that said wood, timber and logs is to be removed from said land within three years from the date of these presents; to have and to hold the said granted and bargained property unto the said Foster and Benjamin, their heirs, executors, administrators and assigns, to their only proper use, benefit and behoof forever, and I, the said Reuben Harris, do vouch to be the true and lawful owner of the property aforesaid, and have in me full power, good right and lawful authority to dispose of the said property in manner as aforesaid, and I do, for myself, my heirs, executors and administrators, hereby covenant and agree to warrant and defend the said property unto the said Foster and Benjamin, their heirs, executors, administrators and assigns, against the lawful claims and demands of all persons whomsoever;" and that this deed was recorded in the office of the town clerk of Winchendon.

It further appeared that Harris, on February 11, 1867, mortgaged the premises to Charles L. Beals by a deed, duly executed and recorded, and containing a reservation "of all the trees growing on the land, the same having been sold to Leonard Foster and Sidney W. Benjamin;" that, on July 1, 1867, Harris conveyed the premises in fee to the demandant by a warranty deed in common form, but which excepted the mortgage to Beals in the covenant against incumbrances; and that the tenants began to cut down trees in December 1865, and had continued to do so at intervals since, although Harris, before his conveyance to the demandant, had forbidden them to cut more trees, and the demandant had forbidden them since that conveyance.

The tenants offered to prove that the demandant, at the time of the conveyance from Harris to himself, had actual notice of the sale of the trees to them. The judge ruled that, on the facts and offer of proof as above set forth, the tenants had not made out a defence, ordered a verdict for the demandant, and reported the case for the consideration of the full court; such decision to be rendered as law and justice might require.

*H. B. Staples & F. P. Goulding*, for the tenants.

*A. A. Ranney*, for the demandant. A sale of standing trees, to be severed and removed by the vendee within a limited time, is not a sale of any interest in lands; the contract need not be in writing, and, if in writing, no greater interest passes than by an oral sale; the subject matter and scope of the contract are the same in either case, and are not enlarged by the manner in which it is evidenced. The instrument on which the tenants rely was an executory contract coupled with a revocable license, and the license has been revoked. *Claflin* v. *Carpenter*, 4 Met. 580, 583. *Nettleton* v. *Sikes*, 8 Met. 34. *Douglas* v. *Shumway*, 13 Gray, 498, 502. *Drake* v. *Wells*, 11 Allen, 141. *Giles* v. *Simonds*, 15 Gray, 441. *Wood* v. *Leadbitter*, 13 M. & W. 838. *McCrea* v. *Marsh*, 12 Gray, 211. *Burton* v. *Scherpf*, 1 Allen, 133.

COLT, J. By the deed of May 17, 1865, the demandant's grantor conveyed to the tenants all the standing timber on the demanded premises, with a proviso that it should be removed within three years. He afterwards mortgaged the land by a deed containing a reservation of all the trees growing on the same, describing them as having been sold to the tenants, and then conveyed it, July 1, 1867, to the demandant, with full covenants of warranty, excepting only the said mortgage. We are. to take it as proved, in accordance with the tenants' offer of evidence, that the demandant, when he took his deed, had actual notice of the previous sale of the trees to them. This writ of entry is brought before the expiration of the term limited for the removal of the timber, and describes the premises in the usual way, by metes and bounds. The tenants disclaim any title except that which they have under the deed of May 17.

Upon the case thus presented, we are of opinion that the title of the tenants to this timber may be maintained according to the honest intention of the original parties, as against the present demandant, without infringing any rule of law necessary for the security of title to real property. It is to be distinguished from most of the cases cited, in the important fact that the tenants claim under a deed, containing apt words for the convey-

ance of an interest in real estate, which was duly executed and delivered. When cases have arisen under parol or simple contracts for the sale of growing timber, to be cut and severed from the freehold by the vendee, such agreements, with reference to the statute of frauds, and in order to give effect to them, have been construed as not intended by the parties to convey any interest in land, and therefore not within the statute. Such contracts are held to be at least executory contracts for the sale of chattels, as they shall be thereafterwards severed from the real estate, with a license to enter on the land for the purpose of removal. *Claflin* v. *Carpenter,* 4 Met. 583. *Giles* v. *Simonds,* 15 Gray, 441. *Drake* v. *Wells,* 11 Allen, 141. *Delaney* v. *Root,* 99 Mass. 546. *Spurr* v. *Andrew,* 6 Allen, 420. Browne on St. of Frauds, §§ 249, 251.

Growing timber constitutes a part of the realty, is parcel of the inheritance, and, like any other part of the estate, may be separated from the rest by express reservation or grant, so as to form itself a distinct inheritance. It was early so held by this court in *Clap* v. *Draper,* 4 Mass. 265, and trespass by the grantee of such an estate against the owner of the soil was maintained, for cutting down the trees. See also *Putnam* v. *Tuttle,* 10 Gray, 48. When so separated and made a distinct estate, it has the incidents of real property so long as it remains uncut, and the rules which govern the title and transfer of such property must apply. It is like property in mines and minerals, which may in like manner be separated from the general ownership of the soil, and become distinct estates in freehold, with all the incidents belonging to such estates. *Adam* v. *Briggs Iron Co.* 7 Cush. 367.

It may be difficult in many cases to determine, from the terms of the contract, whether the parties intend to grant a present estate in the trees while growing, or only a right, either definite or unlimited as to time, to enter and cut, with a title to the property when it becomes a chattel. If the former be the true construction, then it comes within the statute, and must be in writing; if the latter, then, though wholly oral, it may be enforced.

For the purpose of arriving at the intention of the parties, the mode in which the contract is made, whether oral or written, and, if the latter, whether under seal or not, must be regarded, and may be decisive. A simple oral contract for the sale of trees, to be removed in a definite time, would be construed as not intended to convey an interest in the land, because the parties must have known that such could not be its effect; while the same words, if incorporated into the granting part of a deed, with the usual clauses and formalities appropriate to a conveyance of real estate, and especially if full covenants of warranty be added, will be held to convey an interest in the realty, and carry a present title in the property to the grantee. So a permission which, if oral, would only amount to a license to do an act or series of acts on another's land without possession of any estate therein, would, if put in the form of an agreement under seal, convey a permanent incorporeal right or easement; and that, simply because the latter is the appropriate mode of creating such an estate. It is not true, therefore, as claimed by the demandant, that, if the contract is in writing and under seal, no other or greater interest passes than would pass by the use of the same language in an oral sale. The subject matter of the contract is the same in both, but the contracts themselves may receive a different interpretation.

The deed under which the tenants claim, thus interpreted, without doubt conveys an interest in real estate. A present interest in the trees was granted ; and, by the rule that the grant of a thing carries with it, as incident, all that is necessary to its beneficial enjoyment, there passed by the same deed a right to the soil upon which they grew. This last named right, for the reasons above suggested, was not a mere license to enter upon the land and remove the trees within a limited time, revocable, except so far as already acted upon ; but rather a peculiar incorporeal right or easement in the grantor's land, so far as necessary for the support and growth of the trees, with rights of entry and of way during the time named, and not revocable by the grantor.

The estate which the tenants acquired in this case may be regarded either as giving full title to the trees, defeasible by fail-

ure to cut and remove the same within three years, with such interest in the demandant's other land, by way of easement or incorporeal right, as is necessary to the enjoyment of the estate granted; or as giving to the tenants a leasehold estate in the premises for three years, with a right of appropriation to be exercised during the term. In either aspect, they establish a good defence under their plea and specification, notwithstanding the deed was not regularly recorded. If the estate created was of the latter description, then, as it was for only three years, there was no necessity that the deed should be recorded. If it was the former, then proof of actual notice to the demandant of the previous sale of the trees, with the reference in his deed to the mortgage to Beals, in which the trees are reserved as having been sold to the tenants, will give them a valid and effectual title, as against the subsequent deed to the demandant. Gen. Sts. *c.* 89, § 3. It is not necessary, to such actual notice, that there should have been an actual exhibition of the deed. It has been held that a description in a deed, bounding on land of a party by name, was notice to the grantee in the deed that the land bounded upon was so owned by virtue of some proper instrument of conveyance. *George* v. *Kent,* 7 Allen, 16. *Pike* v. *Goodnow,* 12 Allen, 472.

*Verdict set aside ; new trial ordered.*