## CHARLES LAMB *vs.* STEPHEN K. PIERCE.

The provision of Gen. Sts. *c.* 89, § 3, that certain conveyances, unless made by a deed recorded, shall be invalid, except as against the grantor, &c., " and persons having actual notice thereof," requires notice not of the sale and purchase alone but of the deed.

TORT in the nature of trespass, for breaking and entering the plaintiff's close, and cutting and carrying away a quantity of wood there growing.

Trial in the Superior Court, before *Dewey,* J. The plaintiff's title was derived through a deed from Lyman Morse and others to Mary Clark, dated November 22, 1869, and duly recorded.

The defendant admitted the entry, and the cutting and carrying away of the wood, and justified as the purchaser of the wood under a conveyance to him from the same grantors and of the same date as the deed through which the plaintiff claimed.

It appeared that the wood growing upon the close described in the writ was sold at public auction in different lots by Lyman Morse and others, November 22, 1869, just prior to the conveyance of the real estate by Morse and others to Mary Clark, with license to enter upon the premises and cut and remove the wood at any time within two years from the day of sale. The defendant was one of the purchasers at the sale, and immediately thereafter received a conveyance under seal of " all the wood and timber lying, standing and being " upon the land, " with the privilege of entering said farm at any and all times prior to April 1, 1872, to take off said wood and timber."

It appeared that Mary Clark had full knowledge of the sale at the time she received her deed, and that she paid only the value of the premises, after the wood should have been cut off, and evidence was introduced tending to prove that the plaintiff knew of the sale of the wood at the time of the conveyance to him, and it was conceded by the plaintiff that upon the evidence the jury would be authorized to find that prior to receiving his deed he had notice of the sale of the wood, and that the purchasers had two years thereafter to cut and remove it, but he claimed

that this was not sufficient; that in order to affect him with no-
tice it was necessary that it should appear that he had knowledge
or notice of the deed to the defendant, at the time of receiving his
conveyance.

There was no evidence that the plaintiff, at the time of receiv-
ing his conveyance, had any knowledge or notice of the deed to
the defendant.

A verdict was rendered for the defendant; and the presiding
judge reported the case for the determination of this court. If,
in the opinion of this court, it was necessary that the defendant,
in order to justify under the sale, should prove that the plaintiff
had knowledge or notice of the deed to the defendant at the time
of the conveyance to himself, then the verdict was to be set aside
and a new trial granted, otherwise judgment was to be entered on
the verdict.

*P. E. Aldrich*, for the plaintiff.

*G. F. Verry*, (*G. A. Torrey* with him,) for the defendant.

MORTON, J. The deed under which the defendant justifies
conveyed an interest in the land, and would be valid against a
subsequent purchaser, if duly recorded, or if such purchaser when
he took his deed had actual notice thereof. This is decided in
the recent case of *White* v. *Foster*, 102 Mass. 375, in which the
tenant claimed under a deed which is, in legal effect, like the deed
in this case. As stated in that case, "growing timber constitutes
a part of the realty, is parcel of the inheritance, and like any other
part of the estate may be separated from the rest by express res-
ervation or grant, so as to form itself a distinct inheritance,"
and " when so separated and made a distinct estate, it has the
incidents of real property so long as it remains uncut, and the
rules which govern the title and transfer of such property must
apply." Therefore, as the conveyance, under which the defend-
ant claims, is of a freehold estate, the provisions of Gen. Sts. *c.*
89, § 3, apply to it, and as it was not recorded, it is not valid
against the plaintiff unless he had " actual notice thereof."

It appears by the report that there was evidence tending to
show that the plaintiff had notice that the wood had been sold
to the defendant, and that he had two years to cut and remove

it, but " there was no evidence that the plaintiff, at the time of receiving his conveyance, had any knowledge or notice of the deed to the defendant."

We think this statute requires that the plaintiff must be shown to have had actual notice that there had been a conveyance to the defendant of the estate purchased by him at the auction sale. The provision we are now considering was first enacted in the Revised Statutes, *c.* 59, § 28. Since then it has been uniformly held that no implied or constructive notice of an unrecorded deed would give it validity against a subsequent purchaser. Therefore proof of open and notorious occupation and improvement, or of other facts which would reasonably put a purchaser upon inquiry, are not sufficient, but the party who claims under an unrecorded deed must prove that the subsequent purchaser had actual knowledge or notice of such deed. *Pomroy* v. *Stevens,* 11 Met. 244. *Parker* v. *Osgood,* 3 Allen, 487. *Dooley* v. *Wolcott,* 4 Allen, 406. *Sibley* v. *Leffingwell,* 8 Allen, 584.

The case at bar falls within these decisions. The report finds that the plaintiff had no notice of the deed to the defendant. His knowledge that the defendant had bought the wood at auction, without proof that he had notice that the sale had been consummated by a conveyance to the purchaser, is not sufficient. The statute requires proof of actual notice of the deed. It follows that, according to the terms of the report, the verdict must be set aside.                                                  *New trial ordered.*