## AHIAL PUTNAM *vs.* A. H. G. LEWIS.

Hampden.    Sept. 27, 1881. — Sept. 7, 1882.    LORD, DEVENS & C. ALLEN, JJ., absent.

The entering upon land and cutting timber by the agent of a person, under a claim of right, operates to put the latter into possession of such timber as is severed, and gives him sufficient title to maintain an action for the conversion of the timber as against a person having no right in it.

A declaration, alleging an interference with the plaintiff's right to cut and remove standing timber, is not sustained by proof that he had the seisin or the possession of the timber, without proof that he had the right to cut and remove it.

In an action for interfering with the plaintiff's right to cut timber, which right he was exercising in good faith and under claim of title under a deed, the defendant may show that the plaintiff's grantor had, previously to the deed to the plaintiff, conveyed all his right in said land, although the defendant does not claim under the last-named deed.

TORT, in three counts, against a deputy sheriff. Writ dated March 4, 1878. The first count was for the conversion of a quantity of logs and pine lumber.

The second count alleged that the plaintiff was seised of a large number of trees standing and growing upon the farm of one Webster, in the town of Tolland, known as the Gilmore farm; that the plaintiff's estate in said trees was determinable upon his failure to cut and draw them off within five years from March 4, 1873; that while he was engaged in cutting and drawing them off, and was prepared and was intending to cut and draw all of them off within said five years, the defendant unlawfully interfered, and with force and arms hindered and prevented the plaintiff from cutting and drawing them off until after the expiration of said five years, whereby the plaintiff had been deprived of the use and enjoyment of his said trees, and had wholly lost the same.

The third count alleged that the plaintiff was in possession of a large number of pine timber logs and of a large number of growing trees standing upon the farm described in the second count, with the right to enter upon said farm and cut and draw off all said trees and logs until March 4, 1878, and not after; that before that day, namely, on February 26, 1878, the defendant unlawfully, with force and arms, interfered with, hindered and prevented the plaintiff from entering, cutting and drawing off said logs and trees until after March 4, 1878, whereby the plaintiff wholly lost said logs and trees.

The answer contained a general denial; averred that the trees, lumber and logs were not the property of the plaintiff, but were the property of one James L. Van Wert, and that the defendant, by virtue of an execution against Van Wert, sold them as Van Wert's property; that if Van Wert had previously sold or conveyed said property, he did it in fraud of his creditors, and that the plaintiff participated in such fraud; and that the plaintiff could not have cut and removed the standing timber within said five years, even if the defendant had not interfered.

Trial in the Superior Court, without a jury, before *Gardner*, J., who allowed two bills of exceptions, alleged by the plaintiff and the defendant respectively, which set forth the facts and the rulings of the judge in substance as follows:

On March 4, 1873, Van Wert, who then owned the Gilmore farm, conveyed it by deed, duly acknowledged and recorded, to one Butler. Immediately following the description in the deed was this clause: "Reserving to myself, my heirs and assigns, all the timber and wood and trees now on the farm, with the right to enter said premises, and draw off the same at all times of the year for the space of five years from the date of the deed."

On October 4, 1873, Van Wert executed an instrument under seal, which set forth that he "bargained, sold and delivered" to Ellen M. Putnam "all the timber, logs and trees on the Gilmore place, so called, reserved by me when deeding the same."

On May 10, 1875, Ellen M. Putnam executed an instrument under seal to the plaintiff of the same property, the words of conveyance being "do sell, bargain, convey and deliver."

These instruments were first acknowledged, and recorded in the registry of deeds, on February 12, 1878.

The plaintiff also put in evidence a quitclaim deed, in common form, dated February 14, 1878, from Van Wert to the plaintiff, of the same property, which deed was expressed to be "made to perfect the said Ahial Putnam's title to the property herein conveyed."

The plaintiff took the instrument from Ellen M. Putnam on April 1, 1876, in good faith, for a valuable consideration, and in the belief that he thereby acquired good title to the timber described in it, and the right to cut and appropriate the same. Under color of such title, and under a claim of such right, he shortly afterwards directed her to cut and remove all of such timber for him, and she undertook to do so as his agent. In pursuance of this undertaking, about February 1, 1878, she sent Van Wert, then in her employ, in charge of a force of workmen, upon the Gilmore farm, to cut and remove all the timber then standing thereon, and he engaged in that work.

Webster, the owner of the Gilmore farm, having in 1877 given a mortgage of the farm, without any mention of a reservation of the timber, an assignee of said mortgage filed a bill in equity in the Supreme Judicial Court, on February 7, 1878, praying for a perpetual injunction to restrain Webster, Van Wert and this plaintiff from cutting the timber therefrom. In that cause, a final decree was entered, February 14, 1878, perpetually

enjoining Webster, as prayed, but dismissing the bill as against this plaintiff and Van Wert.

On February 27, 1878, while Van Wert and his workmen were engaged in cutting and removing the timber from the Gilmore farm, and while much of it remained uncut, the defendant, by virtue of an execution in his hands against Van Wert, levied on the timber then uncut, as well as that which had been severed, as an officer forbade Van Wert to touch or cut the timber, and told him, if he cut any timber, he (the officer) would take him off to Springfield. Van Wert stopped cutting or removing any of the timber until March 4, 1878, the expiration of the term limited for its removal, and on March 20, 1878, the officer sold all the property so levied upon, as the property of Van Wert. At the time of these acts of the defendant, and for a long time before, Webster was in the occupation and possession of his farm, upon which the trees and lumber in question were, and knew that the timber was being cut off, as herein stated; but from the date of said decree of the Supreme Judicial Court, neither Webster nor any other party than the defendant, so far as appeared at the trial, was questioning the plaintiff's title to the timber, or hindering or proposing to hinder him from cutting and removing it. And it appeared that the plaintiff was prepared and was intending to cut and remove the whole of it within said five years, and would have done so but for the defendant's interference.

The plaintiff's seisin and possession of the timber on the Gilmore farm was such only as followed his paper title, as herein stated, and as his acts of ownership, exercised through his agents and servants, as herein stated, could give him.

The defendant put in evidence a quitclaim deed of the Gilmore farm, dated June 4, 1875, from Butler (the grantee in Van Wert's deed of March 4, 1873) to Ellen M. Putnam, containing no mention of a reservation of timber; also a quitclaim deed of the same, dated February 19, 1876, from Ellen M. Putnam to one Homer, likewise containing no mention of such a reservation, and sundry other mesne conveyances of the same down to Webster, all silent as to the timber. The defendant did not claim under any of these deeds, nor connect himself in any way with the title conveyed by them. Neither Homer nor

any one claiming under him had any knowledge of the instruments of conveyance from Van Wert and Ellen M. Putnam until the day they were recorded, when all the parties to said bill in equity had actual knowledge.

Upon the issue of fraudulent conveyance, the judge found for the plaintiff.

The plaintiff contended that the conveyances to him from Ellen M. Putnam and Van Wert gave him a title sufficient, as against the defendant, to entitle him to recover on all three of the counts in his declaration; and that, aside from such paper title, the acts of ownership done by him through his agents and servants, as herein stated, gave him such possession as entitled him to recover on all the counts; and asked the judge to rule, as matter of law, that, the plaintiff being in actual possession with a colorable title and under a claim of right, the defendant could not set up title in a third party without showing some claim, title, interest or authority in himself derived from such third party; and that the plaintiff's possession was a good title against all the world except those showing a better title.

The judge, having so ruled, then ruled that the plaintiff took no title by either of the conveyances of the timber to him, for the reason that before they took effect the grantors had parted with all their title; that any attempt by the plaintiff to cut and appropriate the timber, without the consent or permission of the persons authorized to give such consent or permission, would be an unlawful act, such as he could not authorize another to do for him; that any license given by Ellen M. Putnam was revoked by her deed to Homer, and that Webster could give no such license by reason of said decree of the Supreme Judicial Court; that the entering and cutting by the plaintiff's agents and servants, as herein stated, operated to put the plaintiff in possession of only such timber as they severed; that the plaintiff had no title to, nor possession of, the standing timber, and could not maintain his action on either the second or third counts; and found for the plaintiff on the first count only.

*J. L. Rice*, for the plaintiff.

*A. M. Copeland*, for the defendant.

W. ALLEN, J. The first count of the declaration is for the conversion of personal property of the plaintiff, and possession

under a claim of right by the plaintiff is sufficient title against one who has no right. The court correctly ruled that the entering upon the land and cutting the trees by the plaintiff's agents and servants, under a claim of right, operated to put the plaintiff into possession of such timber as they severed. 2 Greenl. Ev. § 637. *Shaw* v. *Kaler*, 106 Mass. 448. *Burke* v. *Savage*, 13 Allen, 408. The defendant justified only under Van Wert; but either the deed from him to Putnam, or the deed to the plaintiff, was sufficient to divest him of all right.

The other counts are not for an injury to land of which the plaintiff was seised or possessed, but for preventing him from exercising a right which it is alleged he had in the land. The second count alleges that the plaintiff was seised of standing timber, and that his estate therein was determinable upon his failure to do a certain act, namely, to cut and remove the trees within a limited time; and that the defendant by force prevented him from doing the act. The third count alleges the possession of the timber by the plaintiff, with the right to cut and remove it within the time limited, and that the defendant forcibly prevented the plaintiff from cutting and removing it. Neither count alleges an entry upon, or an injury to, the plaintiff's possession, but both allege an interference with the plaintiff's right to cut and remove the standing timber. To sustain these counts, it is not sufficient to prove that the plaintiff had the seisin or the possession of the trees, but he must show that he had the right to cut and remove them. He may have had seisin sufficient to maintain a writ of entry, or a possession sufficient to maintain trespass, without a right to sever the trees. These counts are not for a trespass upon, or injury to, the real estate of the plaintiff, but for special consequential damages alleged to have been caused by threats and force used to the plaintiff personally, whereby he was prevented from entering upon and enjoying a particular right he had in the trees; and they can be maintained only by proving that he had the right alleged. Actual possession under a claim of right, with the intention to cut the standing timber, even if sufficient to support an action of trespass against one violating that possession without right, would not be proof of, or equivalent to, a right to cut the timber. The evidence in the case does not show a trespass

upon the land or to the person, but only that the defendant, by asserting a right and by threats, prevented the plaintiff from cutting the trees standing on the land. Whether the action could be maintained by proof of such an interference with a right, need not be considered, as it is clear that the evidence did not show that the right existed.

The deed from Van Wert to Ellen M. Putnam conveyed to her all that had been reserved in the deed from him to Butler; the deed from Butler to Ellen M. Putnam conveyed to her all that had not been reserved in the deed to him from Van Wert. The two deeds gave to her the entire estate and interest in the land, and that passed to Homer by her deed to him. Her subsequent deed of the timber to the plaintiff conveyed nothing to him, because she had neither right nor seisin to convey, and any entry of the plaintiff under it, even if it amounted to a disseisin and gave him a possession which he could maintain against a stranger, gave him no substantive right to sever and remove the timber. *Slater* v. *Rawson*, 6 Met. 439. *White* v. *Foster*, 102 Mass. 375. *Lamb* v. *Pierce*, 113 Mass. 72. *Chester Emery Co.* v. *Lucas*, 112 Mass. 424. *Clap* v. *Draper*, 4 Mass. 266.

*Exceptions of both parties overruled.*