GEORGE W. JOHNSON & others *vs.* CHARLES W. GIBBS.

Hampden.   Sept. 22. — Oct. 23, 1885.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

Under the Gen. Sts. *c.* 111, § 16, an action upon an indenture, by the inspectors of a state almshouse, binding as an apprentice a state pauper, is barred, unless brought during the term of apprenticeship, or within two years after the expiration thereof.

MORTON, C. J.   This is an action, brought on May 24, 1884, upon an indenture of apprenticeship, dated June 27, 1863, executed by the inspectors of the state almshouse at Monson, of the one part, and the defendant, of the other part. The term of the apprenticeship expired on June 1, 1867. The question presented by the bill of exceptions is whether, as was ruled in the court below, the special statute of limitations hereafter referred to is a bar to the action. This depends upon the construction of the General Statutes, which were then in force.

The chapter on "masters, apprentices, and servants" provides that children may be bound as apprentices by their parents or guardians, or, if they are paupers, by the overseers of the poor of the town to which they are chargeable; and that "every master shall be liable to an action on the indenture for the breach of any covenant on his part therein contained." Gen. Sts. *c.* 111, §§ 1, 13.

Section 16 provides that "no such action shall be maintained, unless commenced during the term of apprenticeship or service, or within two years after the expiration thereof." Standing by itself, this provision, by its literal construction, may refer only

to actions commenced by parents, guardians, or overseers of the poor,— the actions previously mentioned in the chapter. But in a previous chapter, relating to state almshouses and state paupers, it is provided that "the inspectors shall have the same power to bind, as apprentices, minors who are inmates of the institution under their charge, . . . . as is vested in overseers of the poor." Gen. Sts. *c.* 71, § 33.

We cannot doubt that it was the intention of the Legislature to put state paupers, bound as apprentices by the inspectors of the state almshouses, upon the same footing as town paupers bound by the overseers of the poor, and to give to the inspectors the same powers, with the same limitations and incidents, as those vested in the overseers.

It has been the policy of the Legislature, from our earliest history, to exempt indentures by public officers binding paupers, whether state or town paupers, as apprentices, from the operation of the general statutes of limitations, by which an action upon a sealed instrument may be brought at any time within twenty years after a breach, and to require an action upon such indenture to be brought within two years after its term expires. St. 1793, *c.* 59, § 5. Rev. Sts. *c.* 80, § 17. Gen. Sts. *c.* 111, § 16. Pub. Sts. *c.* 149, § 17.

There is no reason to suppose that the Legislature intended to change this policy when, in 1852, it made provision for the support of state paupers in state almshouses, and gave to the inspectors thereof the same powers to bind, as apprentices, inmates who were minors, as those vested in overseers of the poor. St. 1852, *c.* 275, § 7. There is no ground for any distinction, in this respect, between state paupers and town paupers; and we are of opinion, that, within the intention and reason of the Gen. Sts. *c.* 111, § 16, actions upon indentures by inspectors of the state almshouses, binding as apprentices state paupers, are barred, unless brought during the term of apprenticeship, or within two years after the expiration thereof.

*Exceptions overruled.*

*G. M. Stearns*, for the plaintiff.

*W. S. Kellogg, (M. B. Whitney & J. R. Dunbar* with him,) for the defendant.