LEOMINSTER GAS LIGHT COMPANY *vs.* MARTIN C. HILLERY & another.

Suffolk.   December 2, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Landlord and Tenant.   Covenant.*

If a deed of land is made subject expressly to a lease for five years, and the lease contains a covenant for its renewal for an additional term of five years but is not recorded, the grantee in the deed is bound by the covenant to renew, which runs with the land, and it is immaterial whether or not he had actual notice of the covenant before taking his deed.

A covenant to renew a lease of land runs with the land.

A lease of land for five years, containing a covenant for the renewal of the lease for an additional term of five years, is a lease for more than seven years within the meaning of R. L. c. 127, § 4, providing for the recording of such a lease, and, if recorded under that section, gives the lessee, upon his election to take a renewal of the lease according to its terms, the rights of a lessee for ten years.

Whether a grantee of land under a deed made subject expressly to a lease for five years, which contains a covenant for its renewal for an additional term of five years but is not recorded, if he had the lease in his possession for a considerable time before his purchase of the land without reading the covenant for a

renewal or supposing that the lease contained such a covenant, has had actual notice of the covenant, here was left undecided, as the grantee was bound by the covenant without actual notice of it.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 8, 1907, to enforce the specific performance of a covenant of renewal in a certain lease as described in the opinion.

The case came on to be heard before *Rugg*, J., who made certain findings of fact, and reserved the case upon such findings for determination by the full court. If the plaintiff was entitled to any relief, a decree was to be entered in its favor in such form as might be approved by a single justice ; if it was not entitled to relief, the bill was to be dismissed.

*H. W. Ogden*, for the plaintiff.

*C. F. Baker*, for the defendants.

KNOWLTON, C. J.   The plaintiff is the holder of real estate under a lease for the term of five years from the first of February, 1902, containing a covenant of the lessor for a renewal of the lease, upon the same terms and conditions and for the same rental, for the further term of five years from the first day of February, 1907.   On August 6, 1903, the lessor conveyed the property to the defendant Hillery, who is hereinafter called the defendant, subject to the lease.   On the sixth day of February, 1907, the defendant gave the plaintiff notice to vacate the premises, stating that the lease had expired.   Previously, on the twenty-fifth day of August, 1906, and again on November 14, 1906, the plaintiff notified the defendant in writing that it desired an extension of the lease according to its terms.   This bill is brought to obtain an injunction restraining the defendant from ejecting the plaintiff from the premises so long as it complies with the provisions of the lease, and a decree ordering the defendant to execute to the plaintiff a renewal of the lease.

This was a lease for more than seven years, within the meaning of the R. L. c. 127, § 4, and, if it had been recorded under that section, it would have given the plaintiff the rights of a lessee for ten years on his election to take a renewal of the lease according to its terms.   *Toupin* v. *Peabody*, 162 Mass. 473. *Kimball* v. *Cross*, 136 Mass. 300.   *Kramer* v. *Cook*, 7 Gray, 550. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267.   *De Friest* v. *Bradley*, 192 Mass. 346, 351.

The covenant in the lease providing for an extension of the term was a covenant running with the land, and was an important part of the lease. *Cunningham* v. *Pattee*, 99 Mass. 248, 251. *Howland* v. *Coffin*, 12 Pick. 125. *Sanders* v. *Partridge*, 108 Mass. 556. *Patten* v. *Deshon*, 1 Gray, 325.

The description of the premises by metes and bounds, in the deed to the defendant, is followed by a statement of certain rights of way in third persons, and then by these words: " Said premises are sold subject to a mortgage of sixteen thousand five hundred dollars to the Leominster Savings Bank, and interest thereon from July 21, 1903, also a lease of part of the premises to the Leominster Gas Light Company, and a lease of a part of the premises to H. H. Bicknell and Company." As to that part of the premises included in the plaintiff's lease, the conveyance was only of the reversion after the expiration of the lease. As against the lease, including all rights secured by covenants running with the land, the defendant took nothing. All his rights under the deed are subject to the lease, and are subordinate to the plaintiff's rights under the lease. As the reversioner, he is bound by this covenant to renew the lease. See *Cook* v. *Farrington*, 10 Gray, 70; *Fitzgerald* v. *Libby*, 142 Mass. 235; *Butterick, petitioner*, 185 Mass. 107, 111.

In this view of the case we have no occasion to inquire whether, apart from the limitation of the defendant's title, the findings show that he had actual notice of the lease according to its true legal effect, within the meaning of the R. L. c. 127, § 4. See *Pomroy* v. *Stevens*, 11 Met. 244; *Lawrence* v. *Stratton*, 6 Cush. 163; *Lamb* v. *Pierce*, 113 Mass. 72; *Toupin* v. *Peabody, ubi supra; George* v. *Kent*, 7 Allen, 16; *White* v. *Foster*, 102 Mass. 375. He knew of the lease, which was called a lease for five years, and he had it in his possession for a considerable time before his purchase of the property, without reading the covenant for a renewal, or supposing that it contained such a covenant. The plaintiff contends that this constituted actual notice of the covenant; but we leave this question undecided.

Because the defendant's title under his deed is, in terms, made subject to the lease, with all its provisions, there must be a

*Decree for the plaintiff.*