### DURATION OF TERM OF LEASE WITH OPTION OF RENEWAL.

Circuit Court of Cuyahoga County.

THE SWETLAND & SONS CO. v. THE BRONX REALTY COMPANY.[*]

Decided, June 28, 1910.

*Lease for Three Years.*

As between the parties to it, a lease for three years, whether the term begins at once or in the future, need not be attested, acknowledged or recorded, and this is so even though the lease contains an option to the tenant to renew or extend the same for another like period.

*Carpenter, Young & Stocker,* for plaintiff in error.
*Deutch, Howells & Grossman,* contra.

HENRY, J.; WINCH, J., and TAGGART, J., concur.

The parties stand in the relation opposite to that in which they stood below.    There the action was for rent accrued under a writing of March —, 1906, purporting to be a lease for three years commencing April 1, 1906, with an option to the tenant to renew or extend the same for another like period. The first cause of action is for rent for a period of actual occupancy by the lessee, and as to this there is no dispute.    The second cause of action is for later rent after the premises were vacated without cause.   The judgment recovered for this rent is claimed to be erroneous because the lease being for a term

---

[*] Affirmed without opinion, *Swetland & Sons Co.* v. *Bronx Realty Co.,* 86 Ohio State, 313.

exceeding three years, and hence not within the terms of Section 3112, Revised Statutes, was not executed as required by Section 4106, Revised Statutes. That the term exceeds three years is argued first, from the fact, that the three year period contemplated commences in the future, and secondly, that it is subject at the tenant's option to a renewal or extension for another three year period.

We find ourselves unable to agree with either of these contentions. Without deciding what the rights of innocent purchasers or other third parties might be, nor what force the option might have if it were sought to be exercised, for as we view the matter these questions are not involved, we hold that Section 4112, Revised Statutes, applies to a term of three years or less, whether beginning *in futuro* or *in praesenti*.

A reference to the acts of February 4, 1828, and February 22, 1831, 3 Chase's Statutes, pp. 1588, Section 2, and 1845, Section 9, being the originals of said Section 4112, makes it evident that it is the duration of the term and not the time to elapse after the making of the agreement, which the Legislature had in contemplation in this behalf.

On the other point, an examination of *Toupin* v. *Peabody,* 162 Mass., 473, and of the other authorities cited, fails to disclose any clear authority, nor do we perceive any reason, for holding that the demise of the term is invalidated by annexing thereto a conditional agreement to lease the property for an additional period.

We find no error in the record and the judgment is affirmed.