MISTER DONUT OF AMERICA, INC. *vs.* BRUCE L. KEMP, trustee, & another.[1]

Plymouth.    April 10, 1975. — June 24, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Notice.    Option.    Bona Fide Purchaser.    Landlord and Tenant,*
Lease for more than seven years, Notice of lease. *Real Property,*
Recording. *Words,* "Extension or renewal," "Actual notice."

Knowledge of facts respecting a lease of real property which would ordinarily have put a purchaser of the property and a mortgagee thereof on inquiry enabling them to discover that the lease gave the lessee an option to purchase the premises did not constitute "actual notice" of the option under G. L. c. 183, § 4.  [222-223]

In a lease of real property for more than seven years, an option given the lessee to purchase the property was not a right of "extension or renewal" within G. L. c. 183, § 4, and need not be referred to in a notice of the lease recorded pursuant to § 4.  [223-224]

Where a notice of a lease of real property for more than seven years was recorded in correct form pursuant to G. L. c. 183, § 4, a purchaser of the property and a mortgagee thereof from him had constructive notice of and thereby took subject to an option to purchase the property given to the lessee in the lease even though the notice did not mention the option.  [224]

[1] Plymouth-Home National Bank.

BILL IN EQUITY filed in the Superior Court on January 14, 1972.

The suit was heard by *Ford, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*A. Morris Kobrick (Francis X. Meaney* with him) for the plaintiff.

*Ann-Louise Levine (William D. Crosby* with her) for Plymouth-Home National Bank.

*Lewis P. Aronson* for Bruce L. Kemp, trustee.

*Alix Smullin,* as amicus curiae, submitted a brief.

BRAUCHER, J. The principal question before us is whether a "notice of lease" recorded in a registry of deeds under G. L. c. 183, § 4, must refer to an option to purchase contained in the lease. We hold that such an option is not a right of "extension or renewal" and need not be referred to in the notice of lease. The recorded notice in this case was therefore in statutory form and was sufficient to give constructive notice of the option to the defendants, as persons not having "actual notice" of it.

The plaintiff lessee, Mister Donut of America, Inc., is the assignee of a lease made by Ernest Webby, Joseph E. Webby, and John J. Webby as lessors. The lease contains an option to purchase, and the lessee seeks specific performance of the option against the defendants Kemp, a grantee of the lessors, and Plymouth-Home National Bank, a mortgagee from Kemp. The facts are stipulated except as to the defendants' actual notice of the option, which was the subject of testimony. A judge of the Superior Court filed a memorandum of findings, rulings and order for decree granting specific performance, but after further hearing he vacated that memorandum and filed a second memorandum ordering a decree for the defendants. A decree was entered dismissing the bill in equity, and the plaintiff appealed to the Appeals Court. We granted the plaintiff's application for direct appellate review pursuant to G. L. c. 211A, § 10 (A).

We summarize the judge's second memorandum, which he adopted as a report of material facts. The lease ran for twenty years from March 22, 1961, and was not recorded. Paragraph eleven gave the lessee the option to purchase the premises during the sixth to twentieth year for $53,000. A pasted overlay strip containing a substitute paragraph ten, unless lifted, hid most of paragraph eleven from view. A notice of lease in statutory form, recorded March 31, 1966, included the following: "Rights of extension and renewal, if any: *None."*

On July 15, 1971, Kemp and the Webbys and attorneys for them and for the bank were present in the office of the bank's attorney when Kemp took title to the premises from the Webbys. The Webbys told Kemp the original of the lease had been stolen, and gave him a photocopy and a written representation and warranty that the lease was as shown on the copy. The copy contained a legible reproduction of a portion of the option paragraph, containing clues pointing to a passage of title to real estate. Kemp acted in good faith; the bank attorney knew of the recorded notice but did not read the photocopy. Neither Kemp nor the bank had actual knowledge of the option. They were put on sufficient notice to warrant further inquiry, which would have revealed the option, but the circumstances were not sufficient to constitute "actual notice" under the statute.

1. *Actual notice.* Under G. L. c. 183, § 4,[2] "actual notice" is ordinarily a question of fact, and a person

---

[2] As amended by St. 1941, c. 85: ". . . a lease for more than seven years from the making thereof, shall not be valid as against any person, except the . . . lessor, his heirs and devisees and persons having *actual notice* of it, unless it, . . . or, with respect to such a lease, a notice of lease, as hereinafter defined, is recorded in the registry of deeds . . .. A 'notice of lease', as used in this section, shall mean an instrument in writing executed by all persons who are parties to the lease of which notice is given and shall contain the following information with reference to such lease: — the date of

claiming that another is not a good faith purchaser has the burden of proof. Knowledge of facts which would ordinarily put a party on inquiry is not enough. *McCarthy* v. *Lane,* 301 Mass. 125, 128-129 (1938). *Richardson* v. *Lee Realty Corp.* 364 Mass. 632, 634 (1974). We are not prepared to relax our strict construction of the requirement, and therefore we uphold the judge's finding that the defendants had no actual notice of the option. Cf. *South St. Inn, Inc.* v. *Muehsam,* 323 Mass. 310, 312 (1948).

2. *Constructive notice.* The judge ruled "that a fair reading of the statute would require reference to the option in the notice following the legend 'rights of extension or renewal' in order to give constructive notice of the option to Kemp and the Bank," citing for comparison *Universal Container Corp.* v. *Cambridge,* 361 Mass. 58 (1972). In that case we said (at 61), "The recorded notice of lease is in the statutory form, and is sufficient to give the city constructive notice of the petitioner's interest." The interest in question was the tenant's right to share in damages for a taking by eminent domain; it depended in part on a provision of the lease not referred to in the statutory form.

Rights of "extension or renewal" have a settled meaning. *Mutual Paper Co.* v. *Hoague-Sprague Corp.* 297 Mass. 294, 299 (1937): "An option for renewal implies the giving of a new lease upon the same terms as the old lease, whereas an option for extension contemplates a continuance of the old lease for a further period." See *O'Brien* v. *Hurley,* 325 Mass. 249, 251 (1950); *Gibbs Realty & Inv. Corp.* v. *Carvel Stores Realty Corp.* 351 Mass. 684, 685-686 (1967); Schwartz, Lease

---

execution thereof and a description, in the form contained in such lease, of the premises demised, and the term of such lease, with the date of commencement of such term and all *rights of extension or renewal*" (emphasis supplied). The amendment made by St. 1973, c. 205, is not pertinent.

Drafting in Massachusetts, §§ 5.17-5.28 (1961). Under our decisions such rights affect "the term during which the land which a purchaser had bought could be kept from his possession by the holder of an unrecorded lease." *Toupin* v. *Peabody,* 162 Mass. 473, 477 (1895). See *Leominster Gas Light Co.* v. *Hillery,* 197 Mass. 267, 268 (1908); *Fanger* v. *Leeder,* 327 Mass. 501, 506-507 (1951). An option to purchase is quite different; it does not contemplate either the giving of a new lease or the continuance of the old one. The statute does not require the notice of lease to refer to an option to purchase.

The plain object of the statute is to place recording of a notice of lease in statutory form on the same footing as recording of the entire lease, and to place both on the same footing as actual notice of the lease. If recording of a notice of lease were given a lesser effect, its utility would be largely lost, since those concerned would be well advised not to use it. The prospective purchaser of the lessor's interest can fully protect himself by examining the original lease or by consulting the lessee. See *Texas Co.* v. *Aycock,* 190 Tenn. 16, 26 (1950). Hence we hold that the defendants had constructive notice of the plaintiff's option to purchase.[3]

3. *Consequences of notice.* The parties have assumed that if the defendants had actual or constructive notice of the lessee's option to purchase they took subject to it. Cf. *Cunningham* v. *Pattee,* 99 Mass. 248, 252 (1868), as explained in *Toupin* v. *Peabody,* 162 Mass. 473, 478 (1895); see Am. Law of Property, § 3.82 (1952). No contention is made that the option was independent of the lease rather than incidental to it. See *Ober* v. *Brooks,* 162 Mass. 102, 104 (1894); Schwartz, Lease Drafting in Massachusetts, § 5.13 (1961). The option was limited to purchase of the demised premises. Compare *Yorkville Restaurant, Inc.* v. *Perlbinder,*

---

[3] We do not consider any question concerning any rights of the defendants against the Webbys.

34 App. Div. 2d (N. Y.) 14, 17-18 (1970), with *Durfee House Co. Inc.* v. *Great Atl. & Pac. Tea Co.* 100 Vt. 204, 209-210 (1927). We do not consider questions or issues not argued. Mass. R. A. P. 16, as amended, 367 Mass. 919 (1975).

4. *Disposition.* The decree is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*