WILLIAM J. O'BRIEN *vs.* MARY E. HURLEY & another.

Suffolk.   October 6, 1949. — February 3, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Renewal of lease.   *Words,* "Renew."

Under a lease providing for an original term of two years and giving the lessee an option of "renewal" "for a further term of eighteen years" upon certain notice, and an option to purchase "at any time during the term," there was no extension of the term beyond the original two years and accordingly a purported exercise of the option to purchase after the expiration of the two years and during such eighteen years was ineffectual where, although it appeared that the lessee "exercised his option to renew in accordance with" the provisions of the lease, and that "thereafter the lessor acknowledged receipt of the notice and continued to accept the rent as provided in said lease and recognized that the said lease had been extended, and the lessor and lessee proceeded to act on said lease in accordance therewith," it did not appear that there ever had been executed any new lease or formal extension of the old lease for the additional term.

BILL IN EQUITY, filed in the Superior Court on February 10, 1949.

The suit was heard by *Good,* J., on a demurrer to the bill.

*J. C. Johnston,* (*L. C. Levine* with him,) for the plaintiff.

*W. F. Porter,* for the defendants.

SPALDING, J.   This bill in equity alleges that on February 9, 1938, the defendants' predecessor in title leased to the plaintiff certain premises in Revere for a term of two

years from April 1, 1938; that under the lease the plaintiff had "the right or option of renewal . . . for a further term of eighteen years from the expiration hereof, provided that the said lessee shall give to the said lessor notice in writing to such effect at least sixty days before the expiration of this lease"; that the lease also granted to the plaintiff an option to purchase the premises "at any time during the term of this lease for the price of fifty thousand (50,000) dollars upon terms suitable to the lessor"; that in October, 1939, the plaintiff "exercised his option to renew in accordance with the terms of the lease"; that "thereafter the lessor acknowledged receipt of the notice and continued to accept the rent as provided in said lease and recognized that the said lease had been extended, and the lessor and lessee proceeded to act on said lease in accordance therewith"; that the defendants purchased the premises on April 19, 1948, with knowledge of, and subject to, the lease; that on January 28, 1949, the plaintiff, who had fully complied with all the terms of the lease, exercised his option to purchase and at all times has been ready, able and willing to purchase the property for $50,000 upon any terms and conditions suitable to the defendants; and that the defendants have refused to convey it.

The plaintiff seeks specific performance of the option to purchase. The defendants demurred. From an interlocutory decree sustaining the demurrer and from a final decree dismissing his bill, the plaintiff appealed. The demurrer sets up several grounds, but in the view we take of the case it is necessary to consider only one of them, namely, want of equity.

The plaintiff had an option to purchase the property in question "at any time during the term of this lease." Plainly, on the allegations in the bill, this option was exercised during the additional term provided for in the renewal clause and not within the original term of the lease. Since it does not affect the result, we assume, without deciding, that the option could be validly exercised during the additional term. See note, 37 A. L. R. 1245. We also assume

that the phrase in the option "upon terms suitable to the lessor" did not render it so indefinite as to be unenforceable. See *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 131; *Shayeb* v. *Holland*, 321 Mass. 429, 432; *Morris* v. *Ballard*, 16 Fed. (2d) 175 (C. A. D. C.). The pivotal question in the case is whether the averments of the bill show that the term of the lease had been extended, for unless it was, the option to purchase was not validly exercised.

The words "renew" and "renewal" in a lease have come to have a settled meaning in this Commonwealth. *Leavitt* v. *Maykel*, 203 Mass. 506, 509. *Shannon* v. *Jacobson*, 262 Mass. 463, 465, and cases cited. Concerning the word "renew" it has been said that it "imports the giving a new lease like the old one, with the same terms and stipulations; at the same rent and with all the essential covenants." *Cunningham* v. *Pattee*, 99 Mass. 248, 252. This statement has often been quoted and applied in our decisions. The option to renew in the lease under consideration gave the plaintiff the right to have a new lease for the additional term, but without a formal renewal or something equivalent to it the term was not extended through the additional period. *Leavitt* v. *Maykel*, 203 Mass. 506, 509. *Hanna* v. *County of Hampden*, 250 Mass. 107. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 570. *Linden Park Garage, Inc.* v. *Capitol Laundry Co.* 284 Mass. 454, 460. Compare *Kramer* v. *Cook*, 7 Gray, 550, 552. The authority of these decisions was not impaired by anything decided in *Mutual Paper Co.* v. *Hoague-Sprague Corp.* 297 Mass. 294, 299, cited by the plaintiff. In construing an option to renew similar to that in the present lease, the court said in *Leavitt* v. *Maykel*, 203 Mass. 506; "Under the language used in the . . . lease, it was necessary that there should be, either the making of a new lease for the additional term, or a formal extension of the existing lease, or something equivalent thereto," in order to bind both parties for the additional period (page 509). The quoted language recognizes the right of the parties to extend the existing lease instead of executing a new lease. To the same effect are *Wood* v. *Edison Electric Illu-*

*minating Co.* 184 Mass. 523, and *Shannon* v. *Jacobson,* 262 Mass. 463, 466–467. But unless one or the other of these things is done, the term is not extended. The facts alleged in the bill do not show that either of these things was done. That the "lessor acknowledged receipt of the notice and continued to accept the rent as provided in said lease" and recognized that it had been extended, did not amount to an allegation that the lease had been either renewed or extended.

It follows that the demurrer was rightly sustained and the entry must be

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*