CHARLES R. GOW, JUNIOR, *vs.* BUCKMINSTER HOTEL, INC.[1]

Suffolk.   November 6, 7, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Landlord and Tenant,* Renewal of lease, Assignment of lease.  *Evidence,* Evidence binding a party.  *Equity Jurisdiction,* Specific performance.

Under a lease entitling the lessee to renew it for a further term upon giving the lessor a written renewal notice and to assign it to a corporation to be formed by the lessee, "in which corporation he will be the principal stockholder," the lessee was the proper party to give the renewal notice where, although he had formed a corporation and was its principal stockholder, he had not assigned the lease to the corporation.  [607]

Testimony by a lessee as a party to an action that he had assigned the lease to a corporation was not binding on him in view of subsequent evidence from him to the contrary.  [608]

Under a lease providing that the lessee might renew it for an additional term by giving the lessor a written renewal notice a certain time before the expiration of the original term, the lessee, upon giving such notice seasonably, became entitled to execution and delivery by the lessor of a new lease for the additional term, and, in a suit in equity brought shortly after the expiration of the original term, was entitled to a decree ordering specific performance by the lessor of the agreement to renew.  [608]

BILL IN EQUITY, filed in the Superior Court on July 13, 1956.

After entry of an interlocutory decree overruling a de-

---

[1] The bill names as defendants the Buckminster Operating Corporation and the Buckminster Hotel, Inc., but they are one and the same entity, the corporation having acquired the latter name in 1951.

murrer to the bill, the suit was heard on the merits by *Morton, J.*

*Henry Gesmer,* (*Marvin N. Geller* with him,) for the defendant.

*Thomas B. Shea,* for the plaintiff.

SPALDING, J. This is a bill in equity to compel specific performance of a renewal clause in a lease. A decree was entered ordering the defendant to execute a new lease from which the defendant appealed. The evidence is reported and the judge made findings of material facts.

On June 14, 1946, the plaintiff entered into a lease with the Buckminster Operating Corporation (hereinafter called Buckminster) of certain premises in which the plaintiff was to operate a restaurant. The lease, which was to run for a period of ten years from July 1, 1946, provided that the "lessee shall have the right to renew this lease for a further period ending February 28, 1961, provided, however, that he gives written notice to the lessor of his intention so to do at least six (6) months prior to the expiration of this lease." The plaintiff gave seasonable notice in writing to Buckminster of his intention to renew the lease, but Buckminster did not renew and after the expiration of the original lease commenced proceedings to evict the plaintiff. Immediately thereafter the plaintiff commenced this suit for specific performance of the renewal clause. Other facts will be stated as occasion requires.

The decree was right.

1. The defendant concedes that it received the notice of intent to renew but argues that the plaintiff was not the proper person to give the notice. The lease provided that "the lessee shall have the right to assign this lease to a corporation to be formed by him, in which corporation he will be the principal stockholder." Such a corporation was formed and the plaintiff was its principal stockholder. The judge found that no assignment of the lease was made by the plaintiff to the corporation and ruled that the plaintiff was the proper party to give the notice of intention to renew. The defendant challenges this finding, but we are of opinion

that it was supported by the evidence. It is true that at one point the plaintiff testified that he had assigned the lease. But later there was other evidence from the plaintiff tending in the opposite direction. What the plaintiff first said was not a binding admission and could be explained by other evidence. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, 267. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406. Moreover, whether there was an assignment of the lease involved a question of law and the judge could have concluded that in the light of all the evidence, despite the admission, there was no assignment. *McFaden* v. *Nordblom*, 307 Mass. 574. It cannot be said that this conclusion was plainly wrong.

2. The defendant argues that the plaintiff failed to take effective steps to renew the lease prior to the expiration of the original lease and cannot now obtain specific performance of the renewal clause. This contention lacks merit. The plaintiff gave seasonable notice to the defendant of his intent to renew and was not required to do more. Upon receipt of the notice it was the defendant's duty to execute and deliver a new lease for the additional term. *Judkins* v. *Charette*, 255 Mass. 76, 83. Since the defendant did not do this, the plaintiff is entitled to maintain this bill (which was brought thirteen days after the expiration of the lease) for specific performance. *Judkins* v. *Charette, supra,* and cases cited at page 81. Nothing at variance with this conclusion was decided in the cases of *O'Brien* v. |*Hurley*, 325 Mass. 249, and 331 Mass. 172, on which the defendant relies.

3. Finally, the defendant urges that the plaintiff is not entitled to specific performance because he has violated several covenants in the lease. These contentions are without merit and a discussion of them in detail would serve no useful purpose. It is enough to say that they are not sustained by the judge's findings. These findings rested on adequate evidence and were not plainly wrong.

*Interlocutory decree affirmed.*
*Final decree affirmed with*
*costs of this appeal.*