*Southern District*

**ELIZABETH L. H. DuVALLY ET AL**

**v.**

**GEORGE C. REDFEARN,**
**LYNTON C. CLARKE,**
**THELMA E. REDFEARN, and**
**CLARKE'S PASTRY SHOPPE, INC.**

154

*Present*: Nash, C. J., Cox & Murphy, JJ.
Case tried to *Driscoll, J.* in the Second District Court of Bristol (Fall River). No. 19585.

*Cox, J.* This case is submitted for our consideration on *agreed facts.* The case turns on the answer to a single question of law:

Whether a provision in the lease which granted to the lessee "the option to renew" for an additional term required either the execution of a new lease or a formal extension of the existing lease.

The defendant corporation, Clarke's Pastry Shoppe, Inc., assignee of the lease in question, seasonably and in accordance with the provisions in the lease notified the owners, the plaintiffs, that it

"hereby gives notice that it desires to renew the lease for a further period of five (5) years beginning with the first day of May, 1960."

Neither a formal extension of the existing lease nor a new lease was prepared or executed. The defendant corporation continued in possession of the premises after the term of the lease had expired and paid rent up to August 1, 1962.

The defendants, George C. Redfearn and Lynton C. Clarke, were the original lessees who, with the owners' consent, had assigned the lease to the corporation. The defendant, Thelma E. Redfearn, had guaranteed payment of the rent due under the lease. Thus it is apparent that the liability of the individual defendants depends upon whether the original lease continued for an additional term merely by the giving of the notice described.

The corporate defendant is not involved in this report.

The judge ordered judgment for the plaintiffs for rent due to the date of the writ not only against the corporation, but also against the individual defendants, at whose request, the judge reported the case for our detremination.

The word "renew" in a lease has a well settled meaning in this Commonwealth. It "imports the giving of a new lease like the old one . . . . "

The option to renew in the lease under consideration gave the tenant the right to the new lease for the additional term, "but without a formal renewal or something equivalent to it, the term was not extended through the additional period." The law "recognizes the rights of the parties to extend the existing lease instead of executing a new lease . . . . But unless one or the other of those things is done, the term is not extended." *O'Brien v. Hurley,* 325 Mass. 249 and cases there

quoted. *O'Brien v. Hurley* (second case) 331 Mass. 172, 174, 175. These cases are authority that the mere giving of the notice by the lessee did not extend the lease.

■ The corporation's continued occupancy of the premises and its payment of rent made it a tenant at will of the same premises "with all the rights and privileges that had been annexed to them, and upon the terms and conditions specified in the written lease, except so far as modified by mutual agreement." *O'Brien v. Hurley,* 331 Mass. 172, 175.

We see nothing in *Lebel v. Backman,* 342 Mass. 759 at variance with this opinion. In that case the lease under extension gave the defendant the right to "renew and extend" the lease. The court in that case, reaffirmed the decisions in both cases of *O'Brien v. Hurley* and earlier decisions that an option of renewal requires either a new lease or a formal instrument of extension, but declined to broaden the rule and held that where an option includes the right to renew and "extend" that in such a case the notice is sufficient without more to extend the term. (Page 763).

■ It follows that while the order for judgment was right as against the defendant corporation it was erroneous in law as against the three individuals whose liability rested upon the lease. Their liability expired with the lease. Accordingly, the order for judgment against the defendants, George C. Red-

fearn, Lynton C. Clarke and Thelma E. Red-fearn, *is reversed.* They should have judgment in their favor.

Clarkin & Waldron, of Fall River, for the Plaintiffs.

Terrance J. Lomax, Jr., of Fall River, for the Defendants.