GIBBS REALTY AND INVESTMENT CORPORATION *vs.* CARVEL STORES REALTY CORPORATION & others.

Essex. January 4, 1967. — February 6, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant,* Extension of .lease, Renewal of lease. *Words,* "Renew."

Under a lease for an original term of ten years containing an option to the lessee "to renew this lease for an additional period of five" years upon giving certain notice, and providing that "all the terms, covenants, conditions and agreements of this lease shall remain in full force and effect during the renewal term period mentioned in said option," the lessee, upon giving the required notice, was entitled to continue in possession of the premises for the additional period without the execution of a new instrument by him and the lessor.

BILL IN EQUITY filed in the Superior Court on February 5, 1964.

The suit was heard by *Chmielinski, J.*

*John T. Ronan* for the defendants.

*Gary T. Gilbert* for the plaintiff.

WHITTEMORE, J. In this proceeding under G. L. c. 231A the judge ruled that an "option . . . to renew" at an advance in rent contained in a ten year lease of November 18, 1953, from the plaintiff (Gibbs) to Carvel Stores Realty Corporation (Carvel) was an option to extend. The final decree accordingly established that the assignees of Carvel, who had exercised the option by giving the required notice, were entitled to continued possession under the lease notwithstanding that no instrument of renewal or extension had been executed.

The ruling was right. The lease provided: "Option is hereby given to the Lessee to renew this lease for an additional period of five (5) years . . . on condition that the Lessee pay the annual rental of Twenty-Four Hundred ($2400.00) Dollars, in equal monthly installments of Two

Hundred ($200.00) Dollars on the 1st day of the month for such renewal period, and further on condition that the Lessee notify the Lessor herein by registered mail of the exercise of the said option, . . . at least three months prior to the expiration of the original term demised herein, and further provided that *all the terms, covenants, conditions and agreements of this lease shall remain in full force and effect during the renewal term period mentioned in said option*" (emphasis supplied).

The last clause of the option provision shows that the parties did not contemplate the execution of a new instrument. The plaintiff relies on the cases holding that the grant of an option, privilege or right of renewal contemplates a new agreement executed by both parties, so that the term of the lease is not extended by the lessee's act in giving notice of the exercise of the option. See *O'Brien* v. *Hurley,* 325 Mass. 249, 251–252; *O'Brien* v. *Hurley,* 331 Mass. 172, 175–176, and cases cited in each opinion. The basis for the continued application of the tenuous distinction between "renew" and "extend" has been that the "words 'renew' and 'renewal' in a lease have come to have a settled meaning in this Commonwealth." 325 Mass. 249, 251. But here the parties did more than use words that imported "the giving [of] a new lease like the old one." *Cunningham* v. *Pattee,* 99 Mass. 248, 252. They expressly agreed that all the provisions of the original lease "shall remain in full force and effect," thus giving a different meaning to "renew" from that which, under the *O'Brien* and earlier cases, would be the meaning of the word if not qualified. See *Mutual Paper Co.* v. *Hoague-Sprague Corp.* 297 Mass. 294, 299–300 (a "right to an extension of said term" construed to be like a right to a renewal to the extent that the length of the new term, unspecified in the lease, would be the length of the original term); *Manaster* v. *Gopin,* 330 Mass. 569, 571–573 (clause that "failure of the Lessee to give notice . . . of his intention to vacate . . . shall constitute a renewal," held to qualify and control the meaning of "right to renew" as used in the preceding sentence); *Lebel* v.

*Backman,* 342 Mass. 759, 763 (option "to renew and extend," held not to contemplate a new instrument). In the *Lebel* case we said, "The parties reasonably showed an intention that a notice should be sufficient to extend the term." In the *Mutual Paper Co.* case, *supra,* the court said (at p. 299), "The use of the word 'renewal' alone in a lease provision is not enough to prevent such a provision from being construed as an extension, where the latter result is shown by the circumstances to have been intended by the parties. *Howell* v. *City of Hamburg Co.* 165 Cal. 172." Construing "circumstances" to mean the context within the lease, this statement appears sound and applicable.

The record does not suggest that Gibbs would have a good defence to a bill for specific performance of the obligation to renew (*Judkins* v. *Charette,* 255 Mass. 76, 83; *Gow* v. *Buckminster Hotel, Inc.* 336 Mass. 606, 608) in the event that formal renewal was required. Under our construction of the lease it is unnecessary to deal with that issue.

This being a bill for declaratory relief, it should not have been dismissed. The final decree is to be modified by striking out the provision dismissing the bill. As so modified, it is affirmed with costs of appeal.

*So ordered.*