EDWIN N. ANDERSON & another[1] *vs.* DOMINIC LISSANDRI & others.[2]

Hampden.   October 2, 1984. — January 11, 1985.

Present: GREANEY, C.J., ARMSTRONG, & SMITH, JJ.

*Landlord and Tenant,* Extension of lease, Renewal of lease, Assignment of lease, Waiver.

Language in a lease providing that "[a]n option is hereby granted . . . to the Lessee to renew this lease . . . upon the same terms and conditions provided, however, that a notice in writing is given by the Lessee to the Lessors six (6) months at least before the termination of the Lease" constituted an option to extend the lease, rather than option to renew it, so that the lessee, upon giving the required notice, was entitled to continue in possession of the premises for the additional period without the execution of a new instrument by him and the lessors. [194-195]

Although a lessee had not obtained the written consent of the lessors, as required by the terms of the lease, before making an assignment of the lease for the benefit of creditors, the lessors waived their right to object to the presence of the assignee by accepting numerous rent checks from the assignee and cashing them without making any restrictive endorsement. [195-196]

CIVIL ACTION commenced in the Superior Court Department on March 14, 1983.

The case was heard by *George C. Keady, Jr., J.*

*Edwin H. Lyman, Jr.,* for the plaintiffs.

*Michael G. West* for the defendants.

SMITH, J. The plaintiffs, Edwin N. (Anderson) and his wife, Leila C. Anderson, owners of certain commercial premises located on Riverdale Street in West Springfield, brought a summary process action against the defendants seeking to re-

---

[1] Leila C. Anderson.

[2] Elvira Lissandri and Eugene B. Berman, as assignee for the benefit of the creditors of Elvira Lissandri.

cover possession of the premises. The plaintiffs alleged, in essence, that the lease had expired because it contained an "option to renew" clause and a new lease had not been executed. The plaintiffs also alleged that they were entitled to possession, in any event, because the lessee had committed a breach of the lease by making an assignment for the benefit of creditors. The defendants answered that the lease contained an "option to extend" provision, that the lessee had given the proper notice required in the lease, and, therefore, that the right of possession belonged to the lessee. The defendants also asserted that any breach of the lease was waived by the plaintiffs. After hearing evidence, a Superior Court judge ordered judgment for the defendants, and the plaintiffs have appealed.

We summarize the findings of fact made by the judge. On June 29, 1962, the plaintiffs executed a twenty-year commercial lease with Dominic Lissandri (Dominic) of the premises located at 1319-1321 Riverdale Street, West Springfield. Although effective until February 28, 1982, the lease also contained an option to renew for two additional terms of ten years each upon the same terms and conditions so long as "notice in writing is given by the Lessee to the Lessors six (6) months at least before the termination of the Lease, stating his intention to exercise this option."[3] The lease was assignable upon the lessee's first obtaining the written consent of the lessors. The plaintiffs expressly reserved the right to reenter the premises in the event that Dominic should declare bankruptcy or make an assignment for the benefit of creditors. After the lease was signed, Dominic and his wife Elvira conducted a business known as the "Hammond Organ Studios of Springfield" on the leased premises.

---

[3] The language in the lease in regard to its renewal is as follows: "TO HAVE AND TO HOLD the premises herein demised unto the Lessee, his successors and assigns, for the term of twenty (20) years from March 1, 1962, to and including February 28, 1982 yielding and paying therefor the rent of Seventy-two Thousand ($72,000) Dollars during the said term. An option is hereby granted by the Lessors to the Lessee to renew this lease for two (2) additional terms of ten (10) years each upon the same terms and conditions provided, however, that a notice in writing is given by the Lessee to the Lessors six (6) months at least before the termination of the Lease, stating his intention to exercise this option."

In 1975 Dominic suffered a stroke and was not able actively to continue business operations. Elvira assumed control of the daily operations of the business, and the rent was paid to the plaintiffs in her name, doing business as "Accordian Mart Studios" and "Hammond Organ Studios of Springfield." She continued to pay the rent in this fashion through June, 1982. In the meantime, on July 23, 1981, the attorney for Dominic notified the plaintiffs, in writing, that Dominic intended to exercise his option to renew the lease.

On July 26, 1982, Elvira, doing business as Accordian Mart Studios at 1319 Riverdale Street and Hammond Organ Studios of Springfield at 1321 Riverdale Street, executed an agreement with Eugene B. Berman whereby she assigned all her real and personal property to Berman for the benefit of all her creditors. Notice was sent to the plaintiffs of the assignment. In August the personal property of the businesses was disposed of at an auction which Anderson attended.

By letter dated September 28, 1982, Berman reminded Anderson that Elvira had exercised her option to renew the lease and asserted that her creditors had an additional ten-year lease. A check for $3,095.99 was enclosed in the letter, "in accordance with . . . [Anderson's] request."[4] The sum represented payments of the real estate taxes to date (see note 4, *supra*), also rent payments for the months of July, August, September, and October, 1982. The check, signed by Berman, bore the legend outlined in the margin.[5] Anderson cashed this check on October 15, 1982, with no restrictive endorsement.

On October 13, 1982, the plaintiffs' attorney notified Berman by letter that the plaintiffs did not have any record or knowledge of any assignment of the lease from Dominic to Elvira and that Dominic was in default under the lease. The

---

[4] Anderson, through his wife, had notified "Mr. and Mrs. D. Lissandri" on May 18, 1982, that their share of the 1982 tax bill for the first six months was $2,064.25. The amount of the payment for taxes came to $1,775.99. The difference ($288.26) had been paid previously by Elvira to the plaintiffs.

[5] The check was imprinted with the following words: "Elvira R. Lissandri, D-B-A Accordian Mart Studios and Hammond Organ Studios of Springfield, Eugene B. Berman, Assignee for the Benefit of Creditors."

letter demanded that Dominic deliver up the premises. After
receipt of the letter, Berman, on November 3, 1982, mailed
a check for the November rent to Anderson, which he cashed
on November 23 with no restrictive endorsement. On that date
the plaintiffs' attorney reentered 1319-1321 Riverdale Street
for the purpose of terminating the lease. Berman mailed a
check for the rent for December on November 30, 1982. An-
derson cashed that check on December 2, 1982, again with
no restrictive endorsement. This action was commenced on
March 14, 1983. Berman had tendered rent checks for each
month including January through July, 1983. Approximately
one week before the date established for trial, Anderson at-
tempted to cash all of the outstanding rent checks tendered by
Berman. The bank refused to honor those checks outstanding
for more than ninety days.

The judge ruled that the lease contained an option to extend
the lease and not an option to renew, and therefore it was not
necessary for Dominic to take any further action to execute a
new lease. The judge also ruled that the actions of the plaintiffs
in cashing the rental checks waived any breach of the lease.
The plaintiffs have appealed, claiming that the judge erred in
his ruling in regard to the option to extend the lease. The
plaintiffs also contend that they should have the right of pos-
session as against Berman.[6] There was no error.

1. *Option to extend the lease.* In Massachusetts, a distinction
is drawn between an option to renew and a lessee's right to
extend a lease. *Shannon* v. *Jacobson,* 262 Mass. 463, 465-466
(1928). *Ingram* v. *Sonitrol Security Syss. of Worcester, Inc.,*
11 Mass. App. Ct. 754, 756 (1981). An option to renew requires
that a new lease be executed "or a formal extension of the
existing lease, or something equivalent thereto." *Leavitt* v.
*Maykel,* 203 Mass. 506, 509 (1909). *O'Brien* v. *Hurley,* 325
Mass. 249, 251 (1950). In contrast, an option to extend for a

---

[6] The judge also found that there was no evidence of any assignment of
the lease by Dominic to Elvira. Because there was no assignment, the judge
ruled that the lease was not a part of Elvira's assignment for the benefit of
creditors and, therefore, there was not a breach of the lease. The plaintiffs
do not raise any issue on appeal as to these rulings.

definite period of time requires no further act by the parties so long as the lessee complies with the terms of the option to extend the lease. *Mutual Paper Co.* v. *Hoague-Sprague Corp.,* 297 Mass. 294, 299 (1937). *Straus* v. *Shaheen, Inc.,* 310 Mass. 646, 648 (1942). See, generally, Schwartz, Lease Drafting in Massachusetts §§ 5.17-5.25 (1961).

The language in the lease shows that the parties did not contemplate the execution of a new lease. Although the lease included the phrase "option to renew" and that language is some evidence of the parties' intent, *Ingram* v. *Sonitrol Security Syss. of Worcester, Inc.,* 11 Mass. App. Ct. at 757, "use of the word 'renewal' [or its equivalent] alone in a lease provision is not enough to prevent such a provision from being construed as an extension, where [an extention] is shown by the circumstances to have been intended by the parties." *Mutual Paper Co.* v. *Hoague-Sprague Corp.,* 297 Mass. at 299. In examining the lease we note that the parties expressly agreed that the "option is hereby granted . . . to the Lessee to renew this lease . . . *upon the same terms and conditions provided. . .*" (emphasis supplied). The inclusion of that language persuades us that the parties did not contemplate the renegotiation or the drafting of a new lease in the event that Dominic should elect to remain in possession for an additional term. *Lebel* v. *Backman,* 342 Mass. 759, 763 (1961). *Gibbs Realty & Inv. Corp.* v. *Carvel Stores Realty Corp.,* 351 Mass. 684, 685 (1967). Nothing in the conduct of the parties indicates otherwise. We hold, therefore, that the lease contained an option to extend the lease rather than an option to renew.

2. *Right of possession of plaintiffs against Berman.* The plaintiffs argue that they were entitled to a judgment of possession against Berman. The judge ruled that the plaintiffs' knowing acceptance of the rent payments made by Berman waived any objection that they may have had to Berman's presence. There was no error.

The judge ruled, and we agree, that Dominic was in proper possession of the premises under the terms of the lease. Under the terms of that lease, in order for Berman to have possession of the premises, he must receive the permission of Dominic and

the written consent of the plaintiffs. There was no evidence of any objection by Dominic to Berman's presence. The plaintiffs did not give their written consent as required by the lease. But the plaintiffs were well aware for a considerable period of time of Berman's presence and his possession of the premises. This is shown by the undisputed fact that they cashed numerous rent checks from Berman and attempted to cash other checks from him, all without any restrictive endorsement. These checks showed that Berman was in possession of the premises. "[T]he receipt of rent after breach of a lease is a waiver of the breach if received with knowledge of the breach and without reservation. . . ." *Tage II Corp.* v. *Ducas (U.S.) Realty Corp.,* 17 Mass. App. Ct. 664, 666 (1984). *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 34 (1913). *Maybury Shoe Co.* v. *Izenstatt,* 320 Mass. 397, 402 (1946). The judge did not err in finding that the plaintiffs had waived any breach of the lease.

*Judgment affirmed.*