HLM REALTY CORP. *vs.* JAMES B. MORREALE.

Middlesex. February 8, 1985. — May 7, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Landlord and Tenant*, Extension of lease, Renewal of lease. *Estoppel.*

Under a lease for an original term of four years granting the lessee the option to renew the lease and providing for an arbitration procedure to establish the amount of rent to be paid during the additional term in the event that the parties were unable to agree on the amount, the lessee's notice of his intention to exercise the renewal option did not create a lease after the expiration of the original term, where neither the lessor nor the lessee took any steps to establish the amount of rent to be paid during the additional term. [715-718]

A lessee who had given the lessor notice of his intention to exercise his option to renew the lease at the expiration of the original term, but who vacated the premises before the original term had expired, was not thereby estopped from claiming that no new lease had been created because neither party had followed the procedures contemplated by the option provision of the lease to establish the rent to be paid for the additional term. [718-719]

CIVIL ACTION commenced in the Waltham Division of the District Court Department on October 11, 1979.

The case was heard by *Kevin R. Doyle*, J.

*Frank R. Sherman* for the plaintiff.

*Daniel Briansky* for the defendant.

WILKINS, J. The plaintiff (lessor) appeals from a decision of the Appellate Division deciding against it three questions reported by a District Court judge. The basic dispute is whether the defendant lessee is liable for rent during an additional five-year rental term for which the lessor claims the lessee agreed to pay rent by exercising an option under the lease. We agree in general with the answers given by the Appellate Division, which have the effect of denying the lessor the right to recover rent for the additional term, even though the lessee exercised the option and then vacated the premises during the

original term. The lease did not provide for an automatic extension of the terms of the old lease during any additional term, but rather required specific action for determining the rent to be paid during that additional term which action the lessor did not initiate.

In November, 1975, the parties entered into a lease of a portion of the premises at 740 Main Street in Waltham for a term of four years, commencing on December 1, 1975. The lease granted the lessee an option to lease the premises for additional five-year terms in circumstances and subject to conditions subsequently set forth in this opinion. The lessee exercised his option in July, 1979, but vacated the premises in September, 1979. He paid rent through August, 1979.[1] The lessor never took steps, pursuant to provisions in the lease concerning the lessee's option, to establish the amount of rent to be paid during the additional five-year term. No new lease or extension of the old lease was executed. It is the lessee's position that he is not liable for rent for the new term because no new lease or extension was executed setting forth the rent to be paid.

The District Court judge reported the following questions to the Appellate Division:

"1. Was the option in the lease an option to renew or an option to extend?

"2. Was the Plaintiff landlord required to execute a new lease or a formal extension of an old lease to recover any rent for any part of the period December 1, 1979 - December 31, 1980?

"3. Is the Defendant tenant estopped from claiming that the Plaintiff landlord was required to execute a new lease or a formal extension of the old lease, by his act of vacating the premises before December 1, 1979?"

Our cases have traditionally made a distinction between an option to renew a lease and an option to extend a lease. An

---

[1] There is no doubt that the lessor is entitled to recover in this action rent due for the period from September through November, 1979, when the original term expired. The Appellate Division ordered that judgment be entered for the lessor only for the amount due for these three months.

option to renew has been said to require the execution of a new lease or some other document. See *Gow* v. *Buckminster Hotel, Inc.*, 336 Mass. 606, 608 (1958); *O'Brien* v. *Hurley*, 331 Mass. 172, 174 (1954), cert. denied, 350 U.S. 940 (1956); *Shannon* v. *Jacobson*, 262 Mass. 463, 465 (1928); *Hanna* v. *County of Hampden*, 250 Mass. 107, 109 (1924); *Leavitt* v. *Maykel*, 203 Mass. 506, 509 (1909). On the other hand, an option to extend a lease has been said to require nothing more than action by the lessee, according to the terms of the lease, to indicate an election to extend the lease. See *Straus* v. *Shaheen, Inc.*, 310 Mass. 646, 648 (1942); *Shannon* v. *Jacobson, supra* at 466; *Ingram* v. *Sonitrol Sec. Syss. of Worcester, Inc.*, 11 Mass. App. Ct. 754, 756-757 (1981). In recent times, we have characterized the old distinction as tenuous (*Gibbs Realty & Inv. Corp.* v. *Carvel Stores Realty Corp.*, 351 Mass. 684, 685 [1967]), and we have regarded the choice of words in the lease as only some evidence of the intention of the parties. See *id.* at 685-686; *Manaster* v. *Gopin*, 330 Mass. 569, 572-573 (1953). We have looked to all the circumstances within the context of a lease as the "sound and applicable" guide. *Gibbs Realty & Inv. Corp.* v. *Carvel Stores Realty Corp., supra* at 686, and cases cited. See *Mutual Paper Co.* v. *Hoague-Sprague Corp.*, 297 Mass. 294, 299 (1937); *Anderson* v. *Lissandri*, 19 Mass. App. Ct. 191, 195 (1985).

The significance of the words used in a lease — renew or extend — would not be recognized by the typical landlord or tenant, and probably would escape most members of the bar. See 1 American Law of Property § 3.85 (A.J. Casner ed. 1952); 2 M.R. Friedman, Leases § 14.301, at 736 (2d ed. 1983). We think that generally the words used are apt to have no guiding significance. The important point is whether some new agreement or some additional act is necessary in order to make the exercise of an option effective, in which event the exercise of the option, without more, does not continue the lease relationship. Where, however, in the exercise of an option the terms of the continuing relationship are established or capable of being established without further action or agreement, the parties are bound by those terms. See *Manaster* v. *Gopin,*

*supra* at 572. In such a case, it would be fair to say that the lease relationship was continued, not because of the words used to characterize the option but because of the terms of the lease itself. Disregarding labels and relying on the expectations of the parties, as shown by the terms of the lease, is the proper approach. Where something more must be done, and especially where an addition to the earlier lease is called for, the lease relationship does not automatically continue on exercise of an option.

The lease provides that "[t]he Lessee shall have the option to renew said lease for four consecutive five year terms upon fair and reasonable rent to be agreed upon between the owners of the premises the the Lessees [*sic*], said option to be exercised by written instrument to the owners ninety (90) days prior to the end of each term, the rent to be agreed upon prior to thirty (30) days before expiration of each term." On terms fully set out in the margin,[2] the lease provided an arbitration mechanism for the determination of the rent if the parties could not agree and that an "addenda [addendum?] to that effect will be executed by all parties and attached to the originals of this lease."

Although in July, 1979, the lessee gave seasonable notice of the exercise of the option, neither party took any action to agree on the rent to be paid during the new rental period or to initiate the process provided for in the lease for resolution of a dispute. Certainly, the provisions of the lease show that the parties intended that there be negotiations concerning the rent to be paid during the new term and, if they failed, a determination of the rent by a stated and definitive process. The rent for the new term was to be agreed on by November 1, 1979, thirty days prior to the end of the term on November 30, 1979.

---

[2] "In the event that the owners and the Lessees can not agree upon a fair and reasonable rent they shall each appoint a commercial realtor from the City of Waltham to assess a fair and reasonable rent and if necessary they may appoint a third realtor to arrive at a fair and reasonable rent. None of the realtors so appointed shall have offices in said building at 740 Main Street, Waltham, Massachusetts. All parties to this lease agree to abide by the rent as established by the appointed realtors and an addenda [*sic*] to that effect will be executed by all parties and attached to the originals of this lease."

Thereafter, the provisions for resolution of the dispute were to be applicable. Instead, the lessee vacated the premises in early September. The lessor did not seek specific performance of the agreement to resolve the dispute but rather, in October, commenced this action for rent due under the original term (September 1, 1979, through November 30, 1979) and under the alleged new five-year term. The lessee is not liable for rent during the five-year term because no agreement or arbitration decision was made concerning the rent, unless the lessee is estopped from requiring a new lease or a formal extension of the old lease by his act of vacating the premises, a question to which we now turn.

The lessee was not estopped from claiming that the lessor must execute an addendum or that there must be an agreement by arbitration concerning the five-year rental term.[3] For an estoppel to apply here, it would at least have to appear that the lessee by his actions induced the lessor to do something different from what the lessor would otherwise have done and that it would be inequitable to permit the lessee now to assert a position inconsistent with his earlier position. See *Delaware & Hudson Co.* v. *Boston R.R. Holding Co.*, 328 Mass. 63, 80 (1951), quoting *Boston & A. R.R.* v. *Reardon*, 226 Mass. 286, 291 (1917); *Celluci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 728 (1974), *S.C.*, 368 Mass. 811 (1975); Restatement (Second) of Contracts § 90 comment b (1981). There is no finding that the lessee vacated the premises in order to induce the lessor not to proceed with the process of establishing the rent for a new term. Nor is there any finding that the lessor failed to pursue that course because the lessee vacated the premises. Moreover, the lessee's action in vacating the premises

---

[3] The lessor has expressly disclaimed advancing the question of the "effect on the parties' rights that they never agreed on or arbitrated a rent for the renewal/extension period or executed an 'addenda' to the lease." We thus do not consider the consequences of the lessee's action in vacating the premises as a ground for relieving the lessor from pursuing the disputed resolution process set forth in the lease, except in terms of the lessor's claim that the lessee was estopped from asserting such a claim. The estoppel question is the third question reported to the Appellate Division and decided by it.

is not inconsistent with the position that he has taken, namely, that he is not liable for rent for the additional five-year term.

Our conclusion on the three reported questions is substantially consistent with the answers given by the Appellate Division. As to the first question, it is not controlling whether the option in the lease is characterized as an option to renew or as an option to extend. However, on an analysis of the provisions of the lease, it is apparent that the consequence is the same as our prior cases have indicated: the option has the effect of an option to renew, requiring further action before the lease for the additional term is effective. The answer to the second question is "yes," as the Appllellate Division said. A new lease or formal extension of the old lease was required to entitle the lessor to recover rent for the new term. The lessee was not estopped from claiming that the lessor had to execute a new lease or a formal extension of the old lease. Therefore, the answer to the third question, as the Appellate Division said, is "no."

*Order of the Appellate Division affirmed.*