The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question: Under the newly enacted provisions of 22 O.S. 1355.8(C) (1994), which authorize the Board of Directors of the Oklahoma Indigent Defense System to renew any existing contract or contracts to provide legal representation to indigent criminal defendants, may the Board, in renewing such contracts, do so at a higher or lower contract price? Because of the nature of your question, we respond by way of this informal opinion which, while not a formal opinion of the Attorney General, is the opinion of undersigned counsel. As you know, the Oklahoma Indigent Defense System has the responsibility of defending indigents in criminal cases in which punishment may include incarceration. 22 O.S. 1355.6 (1994). In providing representation to eligible indigents, the System may use attorneys employed by the System, 22 O.S. 1355.8(B) (1994); appoint counsel, 22 O.S. 1355.7 (1994); or contract with attorneys, 22 O.S. 1355.8 (1994). Under the provisions of 22 O.S. 1355.8 (1994), when contracting is used as a means of providing representation, such contracts are to be awarded by the Board after solicitation of bids. Your question concerns a newly created exception to the bidding procedure — an exception which permits the Board to renew an existing contract when the Board determines it is in the best interest of the State, System and the clients represented by the System. The statute establishing the exception, 22 O.S. 1355.8(C) (1994), provides: "The Board shall have the authority to award contracts to provide legal representation to indigent criminal defendants and others for whom representation is required by the Constitution and laws of this state, including, but not limited to, renewing any existing contract or contracts for the next fiscal year or soliciting new bids. whichever the Board determines to be in the best interests of the state. the System and the clients represented by the System. Any such contract shall, to the extent possible, be awarded in June of each year for the next succeeding fiscal year or at such time as the Board may deem necessary." (Emphasis added.) The language emphasized in the above quoted language is the language which creates the exception to the bidding process; the language was added to the statute in the last legislative session. 1994 Okla. Sess. Laws, c. 328, 5. In providing for this exception to contracting through a competitive bidding process, the Legislature specifically empowered the Board to "renew" any existing contract or contracts." Renewal, of course, is more than a mere extension of an existing contract, as it contemplates the execution of a new instrument — the creation of a new contract. See, e.g., Clifford v. United States Fidelity Guaranty Co..249 P. 938, 941 (Okla. 1926). The question presented by your inquiry is whether the new contract to be executed has to be substantially on the same terms as the original contract. The clear weight of authority is that a "renewal" of a contract imports renewing the contract on the same terms and stipulations as the original. For example, see O'Brien v. Hurley, 90 N.E.2d 335, 336 (Mass. 1990), in which the Massachusetts Supreme Court held that to "renew" a lease imports the giving of a new lease "like the old one, with the same terms and stipulations, at the same rent and with all essential covenants," and Parchen v. Chessman,164 P. 531, 532 (Mont. 1917), in which the Montana Supreme Court concluded that an agreement for "renewal" of or to "renew" means the substitution of another "like the old one, with the same terms, stipulations and covenants." In Williams Petroleum Co. v. Midland Cooperatives, 679 F.2d 815 (10th Cir.1982), the United States Court of Appeals for the Tenth Circuit considered an appeal from a diversity action tried in the United States District Court for the Western District of Oklahoma. Being a diversity case, Oklahoma law determined the parties' rights. Cf. Id. at 818. One of the main controversies in the case was whether, under a finders' fee contract which the parties entered into in 1973, Williams was entitled to finders' fees on royalty oil Midland was receiving. In arguing that it was entitled to such payments, Williams took the position that the second, third and forth contracts entered into by the parties were mere extensions, renewals or novation of their first contract. Affirming the district court's holding that Contract II was not an extension, novation or renewal of Contract I, the Tenth Circuit Court of Appeals held that a contract renewal generally involves a continuation of an existing relationship on the same terms as the original contract: Renewal and extension are concepts closely allied to one another, normally involving a continuation of the relationship on essentially the same terms and conditions as the original contract. Contract II was not a renewal or extension since it differed from Contract I in several important ways. 679 F.2d at 819 (citations omitted). Because the terms "renew" and "renewal" are generally understood to involve a continuation of a relationship of the parties on essentially the same terms and conditions as the original contract, I conclude that the Legislature in using the term "renewing" intended that when the Board renews an existing contract under the provisions of 22 O.S. 1355.8(C) (1994), the new contract is to be on essentially the same terms and conditions as the original contract. It is therefore the opinion of the undersigned counsel that when the Board of Directors of the Oklahoma Indigent Defense System renews an existing legal representation contract under the provisions of 22 O.S. 1355.8 (1994), the renewal is to be on essentially the same terms and conditions as the original contract.
(Neal Leader)