Aguiar, J.
This appeal raises the issue of whether the trial court erred in entering summary judgment in favor of the plaintiff based upon an uncontroverted affidavit and in the face of defendant’s hearsay-based affidavit. We find no error.
This appeal further raises the issue of whether the defendant may first raise arguments on appeal which were not made to the trial court. We find no error.
This is an action to recover a deficiency after repossession and sale of an automobile given as purchase money security for a loan to the defendant.
Two competing affidavits were filed in connection with plaintiff’s motion for summary judgment.
Plaintiff’s affidavit set forth the following:
“On June 14, 1989, Defendant executed a retail installment sales contract with Plaintiff to finance the purchase of a 1989 Chevrolet.
“Defendant defaulted on her obligations pursuant to the contract and after due *41 notice, the collateral was repossessed and sold.
“The proceeds of the sale were insufficient to pay the balance on the debt owed, leaving a deficiency of $7,314.52.
“Plaintiff searched its records and found no record of any agreement or novation whereby a third party was to take over payments or that Defendant was released from her obligation to make payments.”
Defendant’s affidavit set forth the following:
“There was a take-over car payment program in Plymouth. Defendant arranged with Plaintiff to sell the car under the program to a third party who took over the payments.
“Defendant did not know the name of the person at the bank with whom she made this agreement
“Defendant did not know the name of the third party.”
The trial court granted plaintiffs motion for summary judgment and awarded damages in the amount of $7,314.52 plus $2,955.85 for prejudgment interest and $142.25 costs for a total of $10,412.62.
The trial court specifically found that the defendant failed to meet her burden of demonstration that there is a genuine issue of material fact. It also found that plaintiff is entitled to judgment as a matter of law.
Summary judgment shall be granted where there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
Plaintiffs affidavit showed, prima facie, that defendant was liable on the contract for the deficiency. Loew v. Minasian, 361 Mass. 390, 391 (1972).
The burden was on the defendant to allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Pursuant to Massachusetts Rules of Civil Procedure, Rule 56(e): “When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Plaintiffs averments are inadmissible hearsay and are insufficient to defeat a summary judgment motion. Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995).
The trial court specifically found that the defendant’s allegations lacked substance. “She offers nothing by way of affidavit or otherwise to either identify the third party who bought her car, not does she offer any written agreement signed by another to be responsible for the payments in her stead. She fails to show that persons who represented to her that she would no longer be responsible had authority to make such representations on the part of the plaintiff.”
We find no error.
Defendant’s brief introduces two issues which were not raised in the court below: (1) the dismissal of the action pursuant to Standing Order 1-88, and (2) the judgment entered was not a default judgment but a judgment after a hearing.
In order to preserve these issues for appellate consideration, defendant was required to raise these questions in the District Court and, if dissatisfied with the decisions there, request the decision be reported to the Appellate Division. Sylon Industries, Inc. v. Trim Knit, Inc., 13 Mass. App. Ct. 901 (1982 (Rescript)).
Due to harmless error a request for default judgment was submitted subsequent to the allowance of summary judgment and assessment of damages. The docket in this matter should reflect that the judgment in this case entered after a hearing on plaintiff’s motion for summary judgment. Defendant appeared at the hearing and had a full and fair opportunity to defend. She was not deprived of due *42 process and equal protection by the misidentification of the type of judgment entered against her.
Since both of these issues are raised for the first time on appeal, we do not entertain them. In any event, defendant waived any right to raise these issues by continuing to participate in the case without objection.
We find no error of substance. The judgment of the trial court is upheld and the report is dismissed.