Curtin, J.
This action arose out of a commercial summary process action in which Warner Gossels d/b/a Laine Realty Trust (“Gossels”) obtained after trial on January 26, 2004 a judgment against Natasha DeLima (“DeLima”) for possession of space as well as an award of $1,465.00 in back rent and costs. DeLima filed for Chapter 7 bankruptcy shortly thereafter, and it appears DeLima’s only asset was the gift-shop-type personal property and fixtures located within Gossels’s commercial space. After the bankruptcy trustee ordered that said property be viewed by an auctioneer to determine its value, the trustee made the decision to abandon the property because its value was inconsequential given the costs associated with an auction of the properly. Gossels filed a motion for relief from the bankruptcy stay, which was granted on March 9,2004, so that he could receive possession of the property and lease it to a new tenant. On March 12,2004, Gossels gave notice to DeLima that he intended to dispose of any property left in the space unless DeLima made arrangements to remove it. On *5 March 14, DeLima removed much, but not all, of the personal property.
After notice to DeLima, later in March, 2004, Gossels disposed of the remaining property, as he was entitled to do under the terms of the lease. On April 25, 2004, DeLima arrived at the property with the Framingham police and demanded to be allowed to enter to retrieve her remaining property. DeLima was told that the property had been removed.
Some three years later in March, 2007, DeLima filed this suit against Gossels. Her amended complaint alleged that Gossels had committed “deceit, slander and defamation” in allegedly contacting the bankruptcy trustee, that Gossels had slandered and libeled her in statements made to the Wayland and Framingham police, and that Gossels had given a false statement to a credit reporting company regarding the judgment Gossels had obtained in the earlier lawsuit.
Gossels filed a motion for summary judgment with a detailed affidavit. DeLima did not file a responsive affidavit, but did file an objection. The trial court allowed Gossels’s motion for summary judgment, and this appeal arose.
1. We find no error in the court’s award of summary judgment in favor of Gossels. To prevail on a claim for defamation, the plaintiff must show that “the defendants published a false statement about [her] to a third party that either caused [her] economic loss or was of the type that is actionable without proof of economic loss.” Phelan v. May Dep’t Stores Co., 443 Mass. 52, 56 (2004), and said false statement must “tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community.” Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975). Gossels’s affidavit makes clear that his statements about which DeLima complains were either true or matters of opinion, which do not give rise to a defamation or libel claim. See McAvoy v. Shufrin, 401 Mass. 593, 597 (1988). DeLima did not file an affidavit to controvert Gossels’s affidavit, as is required by Mass. R. Civ. P., Rule 56(e). As a result, the court was required to accept the facts in Gossels’s uncontroverted affidavit, which was sufficient for a finding of summary judgment in his behalf. See U.S. Trust Co. v. Austin, 1997 Mass. App. Div. 40, 41.
2. DeLima argues on appeal that Gossels failed to comply with a Bankruptcy Court order directing him to deliver assets to DeLima. DeLima raises this issue for the first time on appeal. It is elementary that appellate review is limited to issues of law properly raised in the trial court and preserved for appellate review. Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632 (2004); Boston Spine Clinics, Inc. v. Middlesex Ins. Co., 1999 Mass. App. Div. 295, 295-296. An appeal may not be based on issues, or evidence, presented for the first time in the appellate court, see Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), or on matters not included in the record appendix. See Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68. As a result, DeLima’s argument may not be considered by this Division.
The judgment of the trial court is hereby affirmed.
So ordered.