Coven, J.
This is an action for breach of a residential lease in which, after trial, judgment was entered for the plaintiff-landlord. The tenant has appealed, asserting that she did not breach the lease but instead properly extended its term.
In May, 2010, plaintiff Stephen Aldrich (“Aldrich”) leased to defendant Heather Silverberg (“Silverberg”) residential premises in Arlington, Massachusetts that had been the primary residence of Aldrich and his family for the preceding eleven-years. The lease was for a ten-month or “academic year” term commencing August 15,2010 and ending June 15,2011. The lease provided that if Silverberg failed to move out by June 15, 2011, a penalty rent of $5,000.00 would be assessed for the two months between June 15 and August 15, 2011 in which she remained on the premises.
Several areas of concern emerged in the succeeding months. First, by April, 2011, Aldrich believed that Silverberg did not intend to vacate the premises on June 15, 2011. He issued a thirty-day notice to quit to Silverberg on May 12, 2011.
There was also the question of lease renewal pursuant to a clause granting Silverberg the option to renew for the following academic year (August 15, 2011 through June 15, 2012), to be exercised by May 15, 2011 and at a rent of $1,950.00 per month. Silverberg did send timely notice to Aldrich of her desire to exercise the renewal option. However, Aldrich indicated that he wanted an increase in the rent for the 2011-2012 academic year lease and, according to Silverberg’s testimony, told her that she had to agree to the rent increase by April 24,2011 in order to renew the lease.
In addition to issues about Silverberg vacating in compliance with the first lease and renewing that lease for a second academic year term, the parties also discussed the possibility of a summer lease. After several alternatives were explored, a summer lease was drafted that provided for Silverberg to pay an additional $3,700.00, along with her monthly rent of $1,950.00, for the two-month period. Silverberg sent a check to Aldrich and received an unsigned lease from him on May 6,2011. Aldrich revoked the lease the next day. Aldrich cashed Silverberg’s check for $5,920.00, which included utilities owed for the previous year and the consideration for the summer lease, deposited $3,700.00 in an escrow account, and mailed a bank check for the balance to Silverberg.
*218 After trial, the court found in favor of Aldrich and assessed damages in the amount of $6,100.00.[1] After Silverberg filed a notice of appeal, the court set a bond in the judgment amount of $6,100.00, but also ordered Silverberg to pay both $3,500.00 per month to the court during the pendency of this appeal while she continued to occupy the premises and $1,950.00 per month directly to Aldrich.
1. While Silverberg has argued a number of issues on this appeal, it is clear from the record that there is nothing before us for appellate consideration. It is axiomatic that “an appeal to this Appellate Division or any appellate court is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial court’s rulings.” Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. See generally Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632 (2004); DeLima v. Gossels, 2009 Mass. App. Div. 4, 5; Davis v. Douglas, 2008 Mass. App. Div. 249, 250. Silverberg could have raised and preserved questions of law by filing in the trial court requests for findings and rulings pursuant to Mass. R Civ. P., Rule 52(c), or a motion, such as one for involuntary dismissal pursuant to Mass. R Civ. P., Rule 41 (b) (2), that tested the sufficiency of Aldrich’s evidence. See Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. Silverberg failed to do so. Further, because no Rule 52(c) requests were filed, the trial judge was not obligated, and did not elect, to make written findings of fact.
In the absence of findings and rulings, Silverberg’s appeal is merely a challenge to the trial court’s general finding in favor of Aldrich. An allegation of error in a general finding does not, however, present a question of law for appellate review. The reason is that appeals “lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.” Ducker, supra at 148, quoting Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955).
Thus, Silverberg failed to satisfy her “obligation to elicit rulings of law from a trial court which may be reviewed on appeal.” Macone Bros., Inc., supra at 95. Silverberg was not relieved of that obligation simply because she proceeded without legal counsel in the trial court. It is axiomatic that procedural requirements “bind a pro se litigant as they bind other litigants.” Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). “The right of self-representation is not ‘a license not to comply with relevant rules of procedural and substantive law.’” International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983), quoting Faretta v. California, 422 U.S. 806, 834-835 n.46 (1975).
As Silverberg’s appeal fails to present a question of law for appellate review, the appeal is dismissed.
2. We note, purely by way of dicta, that the evidence in the record before us was sufficient to warrant the trial courfs finding for Aldrich. The evidence would have permitted the trial judge to find either that the option to renew required a second lease executed by both parties, or simply that Silverberg had breached the lease prior to her notification to extend.
An option to renew a lease requires affirmative action by both parties to create a *219 new document; an option to extend needs action by the lessee only to notify the lessor other desire to extend. HIM Realty Corp. v. Morreale, 394 Mass. 714, 716 (1985). It is the intent of the parties that is determinative rather than the use of the terms “extend” or “renew.” See Gibbs Realty & Inv. Corp. v. Carvel Stores Realty Corp., 351 Mass. 684, 685-686 (1967). The trial judge could have concluded here that the parties never renewed the academic year lease because it contained an option to renew requiring the written agreement of both parties, not simply the notice given by the lessee. Alternatively, the judge could have found that Silverberg repudiated her lease by stating that she would not vacate by June 15th. Noncompliance with lease terms is construed strictly as it relates to lease options. Trinity Realty I, LLC v. Chazumba, LLC, 77 Mass. App. Ct. 911, 912 (2010); Pear v. Davenport, 67 Mass. App. Ct. 239, 243-245 (2006).
As to the lease for the summer months, where parties intend for a lease agreement to be in writing, signed and executed by both parties, the agreement is not formed until those required actions are completed. Gorney’s, Inc. v. Falvey Linoleum Co., 328 Mass. 646, 650 (1952); Diebold Safe & Lock Co. v. Morse, 226 Mass. 342, 344 (1917). In this case, while the parties drafted a written agreement for a summer lease, Aldrich ultimately refused to sign it. No agreement was completed.
3. Silverberg also attempts to challenge on this appeal the trial judge’s G.L.c. 239, §5 order for a bond, monthly use and occupancy payments directly to Aldrich, and additional monthly use and occupancy payments to the court for the duration of this appeal. While there would appear to be no basis in §5(c) for such an order and that Silverberg could elect to file a motion in the trial court for reconsideration of the order and recovery of moneys paid to the court, the matter is, again, not before us.
The reason is that any appeal to this Division of a G.L.c. 239, §5 order must, as prescribed by §5 (g), be filed in the trial court “within the time period provided in this section for filing notice of appeal, or within 6 days after receiving notice of the decision of the court on the motion to waive bond, whichever is later.” Silverberg failed to file an appeal within the statutorily mandated time period.
Appeal dismissed.
So ordered.

 Aldrich contended that, at the time of trial, $6,100.00 was owed in back rent representing the difference between the rent paid and the penalty rent.